IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:25-cr-1-14 |
| COREY HILL, | |

### REPORT AND RECOMMENDATION

The Government filed a Motion for Revocation of Defendant Corey Hill's ("Hill") Pre-Trial Release.  Doc. 650.  The Court conducted a hearing on this matter on September 26, 2025.  Doc. 768.  Following the hearing, the Court revoked Mr. Hill's pretrial release, and ordered that Mr. Hill be detained until the resolution of the criminal proceedings against him or otherwise determined by the Court.  Doc. 771.  The undersigned now **RECOMMENDS** that the appearance bond in the amount of $25,000.00 which is secured by a third-party surety, Defendant's father, Rex Hill, be **FORFEITED**, but that the entire collateral for the $25,000.00 bond be **SET ASIDE** under Federal Rule of Criminal Procedure 46(f)(2), and the bond should be **EXONERATED**.[1]

### BACKGROUND

Mr. Hill was charged by indictment in this matter with Count One: Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances (Cocaine, Marihuana, Methamphetamine, and Oxycodone), 21 U.S.C. § 846; and Count Fifty-Six: Conspiracy to Possess Firearms In Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924 (o).  On February

---

[1] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled.  See United States v. Ballbuena, No. 8:08-cr-271, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009).  Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

3, 2025, Mr. Hill was released on bond pending trial, subject to certain conditions, including the participation in a program of in-patient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.  Doc. 174.  On May 21, 2025, the Court modified Defendant's conditions of release by Ordering that Defendant be released to participate in an in-patient program for substance abuse treatment at either Saint Illa Center located in Waycross, Georgia, or another suitable in-patient treatment facility approved by the United States Pretrial Officer.  497, as modified, doc. 542.  Defendant was Ordered released to his parents Rex Hill and Gail Hill on May 22, 2025 so that the parents could transport Defendant directly to Saint Illa Center in Waycross to begin his 30-day treatment program. 497, as modified, doc. 542.  Mr. Hill completed his 30-day in-patient treatment program on June 20, 2025 and this Court allowed Mr. Hill to remain on bond with the conditions originally Ordered on February 3, 2025, doc. 174. Upon completion of the 30-day in-patient treatment program, Unison Behavioral Health (Unison), located in Waycross, Georgia recommended an aftercare treatment plan to include the attendance of 90/90 meetings, obtain a sponsor, follow up with outpatient service, and keep life structured.

      On August 14, 2025, the United States Probation Office filed a Petition for Action on Conditions of Pretrial Release.  Doc. 650.  The United States Probation's Petition for Action alleges that Defendant violated the conditions that he not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

      The Court conducted a Bond Violation Hearing on September 26, 2025.  At the Bond Violation Hearing, Defendant stipulated to the allegations in the Petition. Doc. 650.

      After hearing from the parties at the Bond Revocation Hearing, the Court **ORDERED** Defendant detained pending further proceedings.

At the Bond Violation Hearing, the Government asked the Court to revoke Mr. Hill's release and requested that Mr. Hill be detained pending trial or further proceedings. Mr. Hill stipulated to the violations in the petition and the Government's request that Defendant be detained pending further proceedings.

Based on the Defendant's stipulation and the evidence presented at the hearing on September 26, 2025, I revoked Mr. Hill's bond and ordered he be detained until this case is resolved. Doc. 771.

At the Bond Violation Hearing on September 26, 2025, the Court announced that Defendant's appearance bond in the amount of $25,000, secured by third-party surety, Rex Hil, Defendaant's father, be forfeited, set aside and exonerated in the amount of $25,000. Neither the Government nor Defendant objected.

## DISCUSSION

Having found that a condition of the appearance bond has been breached, based on Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited." Fed. R. Crim. P. 46(f)(1). Forfeiture is triggered not just by a failure to appear but also by violations of other conditions. Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969). Additionally, forfeiture results in liability not just as to the defendant but also as to any surety on the bond. See United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety jointly and severally liable for forfeiture); United States v. Balbuena, No. 8:08-CR-271, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). As described above, Mr. Hill breached the express conditions of his release, and, therefore, his bond must be forfeited.

However, under Federal Rule of Criminal Procedure 46(f)(2), the Court may set aside a forfeiture, in whole or in part, if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2). Rule 46(f)(1) combines with Rules 46(f)(2) and (f)(4) to give district courts "virtually unbridled discretion" in remitting bond forfeiture. United States v. Gonzalez, 452 F. App'x 844, 845 (11th Cir. 2011). Factors that courts consider when assessing whether to set aside all or a portion of a forfeiture include: the defendant's willfulness in breaching release conditions; the amount of delay caused by the defendant's default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend. United States v. Diaz, 811 F.2d 1412, 1415 (11th Cir. 1987); United States v. Nguyen, 279 F.3d 1112, 1115–16 (9th Cir. 2002).

Justice requires setting aside all of the forfeiture in this case. Mr. Hill's willfulness in breaching the conditions of his bond is apparent. Mr. Hill's breach resulted in cost and inconvenience to the Court and the Government. Mr. Hill stipulated to the violations at the bond revocation hearing. It appears forfeiture of the collateral by Defendant and Defendant's surety would be detrimental to the Defendant.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** that the appearance bond in the amount of $25,000.00, doc. 173, be **FORFEITED**, and that the collateral for said bond be **SET ASIDE** under Federal Rule of Criminal Procedure 46(f)(2).

The Court **ORDERS** any party seeking to object to this Order and Report and Recommendation to file specific written objections within 14 days of the date on which this Order and Report and Recommendation is entered. Failure to do so will bar any later challenge

or review of the factual findings or legal conclusions herein.  See Thomas v. Arn, 474 U.S. 140, 155 (1985).

If the Court receives any timely objections to the Order that Defendant be detained pending trial, a district judge will review such objections and will modify or set aside a part of the Order only if it is contrary to law or clearly erroneous.  Fed. R. Crim. P. 59(a).  If the Court receives any timely objections to the Report and Recommendation regarding forfeiture, a district judge will consider such objections and, upon a de novo review of the record, may accept, reject, or modify, in whole or in part, these findings or recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).  Objections not meeting the timeliness and specificity requirements set out above will not be considered by a district judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon all parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of September, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA